| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:15-CR-129(4) |
| | § | |
| JACOBY HILDREDTH | § | |

### MEMORANDUM AND ORDER

Pending before the court is Defendant Jacoby Hildredth's ("Hildredth") *pro se* Motion (#705), wherein he requests that the court "make a judicial recommendation[,] recommending one year halfway house." United States Probation and Pretrial Services recommends denying the motion. Having considered the motion, Probation's recommendation, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.     Background

Hildredth is currently serving a 115-month term of imprisonment, which was imposed after he pleaded guilty, pursuant to a non-binding plea agreement, to Count 1 of the Information charging him with Conspiracy to Manufacture or Distribute or Possess With Intent to Manufacture or Distribute Cocaine, Cocaine Base, in violation of 21 U.S.C. § 846. Hildredth is currently housed at the Federal Corrections Complex Victorville Medium II, located in Victorville, California ("FCI Victorville Medium II"). His projected release date is January 1, 2026. In the instant motion, Hildredth requests that the court recommend that the Bureau of Prisons ("BOP") place him in a halfway house to help gain employment and job skills because he has minimal employment history.

II. Analysis

"[A] decision to designate a facility as a place of federal detention, pursuant to 18 U.S.C. § 3621(b), is 'plainly and unmistakably within the [BOP's] discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'" *Peagler v. Reese*, No. 5:07-CV-166, 2010 WL 1409854, at *1 (S.D. Miss. Apr. 2, 2010) (quoting *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005)); *accord Pass v. Mosley*, No. 3:15CV664 CWR-LRA, 2017 WL 6806658, at *3 (S.D. Miss. Nov. 8, 2017), *adopted by* No. 3:15-CV-664-CWR-LRA, 2018 WL 283856 (S.D. Miss. Jan. 3, 2018); *United States v. Wickett*, No. CR-08-18-B-W, 2010 WL 1500880, at *1 (D. Me. Apr. 13, 2010); *United States v. Vasquez*, No. C–03-CR-222, 2009 WL 2225426, at *1 (S.D. Tex. July 22, 2009). Indeed, "[t]he [BOP] has the sole authority to designate a prisoner's place of incarceration." *United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020); *see* 18 U.S.C. 3621(b).

At sentencing, a court may make a non-binding recommendation to the BOP regarding where a defendant should be imprisoned. *See* 18 U.S.C. § 3621(b)(4). Courts, however, are split as to whether such recommendation can be made post-judgment. *See, e.g., United States v. Mosz*, No. 2:15-CR-219-JCM(VCF), 2019 WL 539010, at *2 (D. Nev. Feb. 11, 2019) ("[T]his court does not have authority to issue a post-judgment recommendation."); *United States v. Bishop*, No. 07-00516 JMS (06), 2015 WL 13235851 at *2 (D. Haw. Oct. 2, 2015) (finding that there is no persuasive authority for a post-judgment judicial recommendation). *But see United States v. Nelson*, No. CR 11-0152-6-CG-C, 2019 WL 1330919, at *2 (S.D. Ala. Mar. 22, 2019) (issuing a post-judgment recommendation); *United States v. Patterson*, No. 2:00CR187, 2019 WL 127962, at *1 (E.D. Va. Jan. 8, 2019) (same). Assuming courts have the authority to make such a

recommendation, the court declines to do so here because, "compared to the BOP, this court has little to no information about whether the defendant's request is appropriate." *United States v. Jacko,* No. 14-CR-98-PP, 2019 WL 398829, at *2 (E.D. Wis. Jan. 31, 2019). As Probation points out, "the BOP is in the best position to allocate . . . its resources to those who need them the most." Hildredth is directed to discuss his concerns regarding potential halfway house locations with his Case Manager and/or the FCI Victorville Medium II Unit Team.

III.  Conclusion

Consistent with the foregoing analysis, Hildredth's Motion (#705) is DENIED.

SIGNED at Beaumont, Texas, this 17th day of November, 2020.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE